DANIEL CASH *versus* NATHANIEL D. FREEMAN.

A receipt in full of all demands, though purporting to be for a sum merely nominal, will, if unexplained, discharge all debts *then* existing even such as are not payable until a subsequent day.

ASSUMPSIT, upon an unnegotiable note for $12, dated Jan. 11, 1851, and payable in July then next with interest. The plaintiff read the note. The defendant then introduced a paper signed by the plaintiff, as follows : — " Bridgton, May 30, 1851. Received of Nathaniel D. Freeman, one dollar and fifty cents in full of all demands to this date.

" The case was submitted for such a conclusion as a jury should come to according to the legal rights of the parties."

*Strout*, for the plaintiff.

Written agreements are to be construed according to the intention of the parties, to be collected from the whole instrument. The same principle of law applies to receipts. From the recital and consideration in this receipt, it does not appear to have been the intention of the parties to release a note, *not due at the date of the receipt*, and which was allowed by the maker to remain in the possession of the payee after the

receipt was given. True, the rule of law is that a receipt embraces all demands embraced by its terms. It is, however, admissible to show what was intended to be released. 15 Pick. 225. That intention may be ascertained from the paper itself. True, the note in this case was a subsisting debt, at the date of the receipt. But it was not payable till a subsequent day.

The cause of action did not arise till two months after the date of the receipt. To allow the receipt to bar the note, is to give it a prospective operation.

A release will not operate prospectively, to defeat an action, the cause of which may arise subsequent to the release. *Cocke* v. *Stuart*, Peck. 137 ;- 3 U. S. Digest, 330, § 66.

*Littlefield*, for the defendant.

SHEPLEY, C. J. — In the case of *Cunningham* v. *Batchelder*, 32 Maine, 315, it was decided, that a receipt in full of all demands, if unexplained, would operate as a discharge from the payment of an existing promissory note. This case is presented for decision without any explanation of the occasion of making the receipt. The only proof of any transactions or dealings between the parties is found in the making of the note and receipt. The note had not then become payable, but a receipt may operate upon existing claims and demands, although a present right of action upon them may not have accrued ; while it would not operate as a bar to claims or demands not then existing.

The note was not surrendered to the defendant, but the occasion of making the receipt may have been an adjustment of the note at a place, where the plaintiff did not have the note.

The case may lead one to suspect, that the note has not been paid, but that is not sufficient, without any explanation or proof of other dealings between the parties, to relieve the plaintiff from the effect, it may be, of his own imprudent conduct.                              *Plaintiff nonsuit.*

TENNEY, WELLS, HOWARD and APPLETON, J. J., concurred.